UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREA DORSEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 16-2294 (KM)

**MEMORANDUM AND ORDER**

    The petitioner, Andrea Dorsey, is a federal prisoner currently incarcerated at the Federal Medical Center – Carswell in Fort Worth, Texas. She is proceeding *pro se* with a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, *see* 28 U.S.C. § 2255 Rule 4(b), this Court must screen the § 2255 motion. For the following reasons, prior to ordering an answer in this case, Ms. Dorsey must show cause why her § 2255 motion should not be dismissed on timeliness grounds.

    This Court entered a criminal judgment against Ms. Dorsey on March 24, 2014 after she pleaded guilty to three counts of bank robbery. Ms. Dorsey was sentenced to a total term of imprisonment of eighty-seven months. Ms. Dorsey did not file a direct appeal.[1]

    Section 2255(f) of Title 28 of the United States Code states in pertinent part that, "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). This one year period runs from the latest of:

---

[1] On June 10, 2014, this Court received Ms. Dorsey's motion to modify restitution judgment. (*See* Crim. No. 13-0509, Dkt. No. 61) That motion was denied on August 13, 2014. (*See* Crim. No. 13-0509, Dkt. No. 64) Subsequently, on December 15, 2015, this Court received Ms. Dorsey's "Motion to Vacate Pursuant to Federal Rule of Criminal Procedure 36 to Correct Restitution Amount." (*See* Crim. No. 13-0509, Dkt. No. 68) That motion remains pending before this Court.

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2255(f). Based on the allegations of the § 2255 motion, it appears that the first of these is the only applicable option in this case.

Because Ms. Dorsey did not file a direct appeal, her judgment became final for purposes of § 2255(f) on April 7, 2014, i.e., fourteen days after the criminal judgment was entered. *See* FED. R. APP. P. 4(b)(1); *Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999) (where defendant does not pursue direct appeal, conviction and sentence becomes final and the statute of limitations begins to run on the date on which the time for filing such an appeal expired). Thus, the Section 2255 statute of limitations expired a year later, on April 7, 2015. Ms. Dorsey did not file this § 2255 motion until April 19, 2016, however.

In cursory fashion, Ms. Dorsey asserts that her § 2255 motion is timely because equitable tolling should be applied. She states that she "was prevented from asserting her rights and counsel did not exercise due diligence in preserving her right(s) in the claim of the monetary amount that the Movant has disputed." (Dkt. No. 1 at p. 13) For equitable tolling to apply, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). "The

diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citation omitted).

For equitable tolling to apply, Ms. Dorsey needs to explain with specifics how she was prevented from asserting her rights and that she has been pursuing her rights diligently. Her cursory statements on equitable tolling as stated in her § 2255 motion are insufficient. Therefore, this Court will order Ms. Dorsey to show cause why her § 2255 motion should not be dismissed as untimely. In any response that Ms. Dorsey may elect to file, she should explain with specific details what extraordinary circumstances stood in her way from pursuing her rights and the ways she has been pursuing her rights diligently.

Accordingly, IT IS this 27 day of April, 2016,

ORDERED that petitioner is ordered to show cause within thirty (30) days of the date of this Order why her § 2255 motion should not be dismissed on timeliness grounds; and it is further

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

_____
KEVIN MCNULTY
United States District Judge